UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT F. CLICK, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-0518-CVE-FHM |
| ) | |
| SUNOCO, INC., ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss (Dkt. # 12). Defendant argues that plaintiff settled a previous lawsuit, Click v. Sunoco, Inc., 05-CV-0369-CVE-PJC (N.D. Okla.), and he lacks standing to pursue any further claims against defendant under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA").

**I.**

Plaintiff Robert Click was employed as a senior engineer by Sunoco, Inc. ("Sunoco"). He alleges that, beginning in February 2003, he suffered from severe medical problems that prevented him from working, and he applied for short-term disability benefits under a disability insurance policy provided to Sunoco employees. His request for short-term disability benefits was approved and the disability insurer subsequently extended plaintiff's coverage to include medium-term disability benefits. In March 2004, plaintiff applied for long-term disability ("LTD") benefits, but his claim was denied. Click filed an administrative appeal of the denial of LTD benefits. Click alleges that Sunoco informed him that he would have to return to work or retire when his administrative appeals were exhausted, or Sunoco would terminate his employment. Click did not want to retire, because he believed that retirement would jeopardize his eligibility for future LTD

benefits. He also directed Sunoco to contact his attorney with any further inquiries about his claim for LTD benefits.

On April 15, 2005, the insurer denied Click's final appeal of his claim for LTD benefits. Plaintiff alleges that he retired on May 1, 2005, without talking to his attorney, because this was the only way to preserve his claim for LTD benefits. He filed an ERISA claim in this Court on June 27, 2005, challenging the denial of LTD benefits.[1] In his complaint, Click named Sunoco, Sunoco, Inc. Disability Income Plan, and Sunoco, Inc. Death Benefits Plan as defendants. However, he dismissed Sunoco as a party, because he determined that Sunoco was not a fiduciary under ERISA and could not be held liable for the payment of LTD benefits. Plaintiff settled his claim for LTD benefits with the remaining defendants. In the settlement agreement, plaintiff released the LTD plan of any liability for future LTD benefits, relinquished any right to reinstatement to the LTD plan, and waived his right to reinstatement with Sunoco. On September 26, 2006, plaintiff filed this action alleging that Sunoco violated ERISA's anti-discrimination provision, 29 U.S.C. § 1140.

**II.**

Defendant's argument that the plaintiff lacks standing goes to the subject matter jurisdiction of the Court to hear plaintiff's claim, and its motion should be treated as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Colorado Environmental Coalition v. Wenker, 353 F.3d 1221, 1227 (10th Cir. 2004); (motion to dismiss for lack of standing

---

[1]   Plaintiff's complaint contains factual ambiguities that make his claim under 29 U.S.C. § 1140 difficult to comprehend. He states that "[s]ubsequent to the filing of [his first ERISA claim], the Defendant continued to directly contact the Plaintiff concerning his retirement." Dkt. # 2, at 2. However, plaintiff retired on May 1, 2005, almost two months before he filed his first ERISA claim against Sunoco. In his response to defendant's motion to dismiss, plaintiff repeatedly suggests that he was pressured to retire after the lawsuit was already on file, but the facts stated in the complaint do not support these allegations.

2

implicates justiciablity of case and should be treated as a Rule 12(b)(1) motion); Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904, 910 (9th Cir. 1997) (motion to dismiss for lack of standing under ERISA should be treated as Rule 12(b)(1) motion). Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving such jurisdiction is proper. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Id. Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Business Financial Services, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting Maestas v. Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003)).

In this case, defendant goes behind the allegations of the complaint to reference the settlement agreement in a previous case, and plaintiff responds that, if the Court considers the settlement agreement, the Court must convert defendant's motion into a motion for summary judgment and give plaintiff an opportunity to submit additional evidence.[2] However, the Tenth Circuit gives district courts considerable leeway to consider extrinsic evidence when reviewing Rule 12(b)(1) motions without converting the motion into one for summary judgment. Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987). When defendant challenges "the facts upon which

---

[2]   In response to defendant's motion, plaintiff also submitted evidence outside the pleadings and referred to these exhibits in his response. See Dkt. # 13.

3

subject matter jurisdiction depends . . ., the court must look beyond the complaint and has wide discretion to allow documentary" evidence without converting the motion into a Rule 12(b)(6) or Rule 56 motion. Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005). Therefore, the Court can consider extrinsic evidence, such as the settlement agreement, without converting the motion from a Rule 12(b)(1) motion to a Rule 56 motion.

### III.

Defendant raises three arguments in its motion to dismiss plaintiff's complaint. First, defendant asserts that plaintiff is not a "participant" under 29 U.S.C. § 1002(7) and, therefore, he does not have standing to bring a claim under ERISA. Second, defendant claims that plaintiff does not have a remedy under ERISA, because he has already settled his claim for LTD benefits. Third, it argues that plaintiff's claim under 29 U.S.C. § 1140 could have been filed as part of plaintiff's first ERISA lawsuit and, under the doctrine of res judicata, plaintiff is prohibited from pursuing a second lawsuit arising out of the same cause of action.

### A.

Defendant argues that plaintiff lacks standing under ERISA, because he does not qualify as a "participant" under 29 U.S.C. § 1002(7). Plaintiff responds that he can state a prima facie case for relief under section 1140 and, therefore, has standing to sue under ERISA. In his response, plaintiff acknowledges that he has not requested reinstatement to the LTD plan in his complaint and that he settled his claim for LTD benefits with Sunoco, Inc. Disability Income Plan, and Sunoco, Inc. Death Benefits Plan. Dkt. # 13, at 7. However, plaintiff states that he has stated a valid claim for relief

4

under section 1140, because he has stated a prima facie case under section 1140 and is entitled to recover restitution from Sunoco for interfering with his right to future LTD benefits.

Under ERISA, it is unlawful for an employer to "discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. ERISA limits standing to plan participants, and 29 U.S.C. § 1002(7) defines a participant as:

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

In order to qualify as a participant, plaintiff has the burden to show that he is an "employee[ ] in, or reasonably expected to be in, currently covered employment," or has a "reasonable expectation of returning to covered employment" or has a "'colorable claim' to vested benefits." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989). Based on the Supreme Court's decision in Firestone, the Tenth Circuit has identified four separate methods of proving "participant" status:

> a plaintiff must either be (1) an employee in, or reasonably expected to be in, currently covered employment; (2) a former employee with a reasonable expectation of returning to covered employment; (3) a former employee with a colorable claim that he will prevail in a suit for benefits; or (4) a former employee with a colorable claim that eligibility requirements will be fulfilled in the future.

Alexander v. Anheuser-Busch Co, Inc., 990 F.2d 536, 539 (10th Cir. 1993). Plaintiff must establish that he had standing at the time the lawsuit was filed, not when the ERISA violation allegedly occurred. Raymond v. Mobil Oil Corp., 983 F.2d 1528, 1534 (10th Cir. 1993).

Contrary to plaintiff's assertions, he must show that he has standing under one of these tests to proceed with his ERISA claim. Standing goes to the Court's subject matter jurisdiction over a

case. Robey v. Shapiro, Marionos & Cejda, L.L.C., 434 F.3d 1208 (10th Cir. 2006); United States v. Colorado Supreme Court, 87 F.3d 1161, 1166 (10th Cir. 1996). Plaintiff cites several cases for the proposition that he does not have to be a "participant" under section 1002(7) for the Court to hear his lawsuit. However, these cases concern the issue of whether a plaintiff's claim under 29 U.S.C. § 1140 can survive summary judgment, not whether plaintiff has standing. See Cunningham v. Adams, 106 Fed. Appx. 693 (10th Cir. Aug. 10, 2004); Winkel v. Kennecott Holdings Corp., 3 Fed. Appx. 697 (10th Cir. Jan. 10, 2001); Garratt v. Walker, 164 F.3d 1249 (10th Cir. 1998); Osborn v. Qwest Corp., 398 F. Supp. 2d 1161 (D. Colo. 2005); Geer v. Challenge Financial Investors Corp., 2005 WL 3503370 (D. Kan. Dec. 22, 2005); Huske v. Honeywell Int'l, Inc., 298 F. Supp. 2d 1222 (D. Kan. 2004). Although plaintiff can meet ERISA's standing requirement by stating a colorable claim that "he . . . will prevail in a suit for benefits," simply stating a prima facie case does not qualify plaintiff as a "participant" under section 1102(7). Becker v. Mack Trucks, Inc., 281 F.3d 372, 379 (3d Cir. 2002); Shahid v. Ford Motor Co., 76 F.3d 1404, 1410-11 (6th Cir. 1996).

The distinction between alleging a prima facie case and standing becomes apparent when the two issues are considered together. In order to state a prima facie case under section 1140, plaintiff must allege that "his discharge was motivated by an intent to interfere with employee benefits protected by ERISA." Phelps v. Fields Real Estate Co., 991 F.2d 645, 649 (10th Cir. 1993). Because section 1140 claims closely resemble employment discrimination claims, a plaintiff can satisfy his evidentiary burden with direct evidence of discrimination or by relying on circumstantial

evidence.[3] Garratt, 164 F.3d at 1256. In contrast, plaintiff will have standing if he has stated a colorable claim that he will prevail in a suit for benefits, and a necessary element of this test is that plaintiff must show he has suffered an injury that can be redressed by the Court. Mitchell v. Mobil Oil Corp., 896 F.2d 463, 474 (10th Cir. 1990) (reversing district court's entry of judgment in favor of plaintiffs on section 1140 claim, because plaintiffs did not have a remedy under ERISA). The statutory test for standing implicitly incorporates the traditional standing requirements that plaintiff suffer a cognizable injury and that plaintiff's injury is redressable by the Court. However, redressability is not an element of the prima facie case under section 1140. The Court finds that plaintiff must prove standing under one of the four tests recognized by the Tenth Circuit, and that plaintiff can not meet this burden merely by stating a prima facie case under section 1140.

**B.**

While defendant does not dispute that plaintiff can state a prima facie case, it argues that plaintiff does not have a remedy and lacks standing on this basis. Plaintiff filed this lawsuit seeking "damages in the amount of the lost benefits," but defendant claims that plaintiff has already recovered all of his LTD benefits as a result of a settlement in a prior lawsuit. Plaintiff responds that the Court can award him equitable remedies, specifically in the form of restitution. However, Supreme Court and Tenth Circuit precedent limit the circumstances when district courts may award restitution in ERISA cases. As the Court has stated above, if plaintiff does not have a remedy under ERISA, he will lack standing and his case will be dismissed.

---

[3]  In this case, plaintiff intends to prove his claim by relying on circumstantial evidence. In order to state a prima facie case under section 1140, plaintiff asserts that must establish the following elements: "(1) prohibited employer conduct; (2) taken for the purpose of interfering; (3) with the attainment of any right to which the employee may become entitled." Dewitt v. Penn-Del Directory Corp., 106 F.3d 514, 522 (3d Cir. 1997).

7

Plaintiff claims that Sunoco violated his rights under section 1140, which makes it unlawful to "discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled" and also prevents any person from "interfering with the attainment of any right" under an ERISA plan. 29 U.S.C. § 1140. Violations of section 1140 take two forms: (1) "adverse action for exercising any right under a plan or ERISA"; and (2) "interference with the attainment of any right under a plan or ERISA." Garratt v. Walker, 164 F.3d 1249, 1251 n.1 (10th Cir. 1998). Plaintiff's remedies for an alleged violation of section 1140 are determined by reference to 29 U.S.C. § 1132(a)(3). Millsap v. McDonnell Douglas Corp., 368 F.3d 1246, 1247 (10th Cir. 2004) ("Section 502(a)(3) of ERISA provides the plan participant with his exclusive remedies for a § 510 violation."). Under section 1132(a)(3), the Court may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" or award "other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). The Supreme Court has stated that relief under this section is limited to traditional equitable remedies, such as injunctive relief, mandamus, and restitution, but a court does not have the authority to award compensatory damages. Mertens v. Hewitt Assoc., 508 U.S. 248, 263 (1993).

In this case, plaintiff does not seek injunctive relief but, rather, he claims that the Court has broad authority to craft an appropriate award of restitution. In ERISA cases, the Supreme Court has limited the concept of restitution, and the Court's powers are much more limited than plaintiff suggests. In Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002), the Supreme Court discussed the limited remedies available under section 1132(a)(3). In order to give meaning to the plain language of the statute, equitable relief "must mean something less than all relief." Id. at 209. In most cases, claims for money damages "seek no more than compensation for

8

loss resulting from the defendant's breach of legal duty," which is the standard from of legal relief. Id. at 210. Equitable restitution, as distinguished from a claim for money damages, should ordinarily take the form constructive trust or equitable lien, but restitution should not be used as an alternate method to impose personal liability on a defendant. For a court to award the equitable remedy of restitution, money or property "identified as belonging in good conscience to the plaintiff [should] clearly be traced to particular funds or property in the defendant's possession. Id. at 213. However, the Supreme Court was clear that "not all relief falling under the rubric of restitution is available in equity," and courts should be careful to limit equitable remedies to those traditionally available from courts of equity. Id. at 213.

In this case, plaintiff has already settled his claim for past-due LTD benefits, and has also waived any right to reemployment with Sunoco. See Dkt. 12, Ex. B, at 4 ("[Plaintiff] waives and relinquishes all rights to recall, reemployment or tenure with Sunoco. [Plaintiff] agrees not to seek or accept employment with Sunoco at any time after the effective date of this Agreement."). The Tenth Circuit "has continued to follow the narrow path laid out by *Great-West*," and has limited the remedies available under section 1132(a)(3). Lind v. Aetna Health, Inc., 466 F.3d 1195, 1200 (10th Cir. 2006). Recently, the Supreme Court clarified the equitable nature of restitution under section 1132(a)(3), holding that equitable restitution must be distinguished from an ordinary breach of contract claim seeking monetary damages. Sereboff v. Mid-Atlantic Med. Servs., Inc., 126 S. Ct. 1869, 1874 (2006) (plan fiduciary sought proper equitable relief through a constructive trust, because it identified a specific fund belonging to plan beneficiary instead of the beneficiaries' assets in general).

9

The relief plaintiff requests in this case should be classified as compensatory damages rather than restitution. Plaintiff's request for "damages in the amount of the lost benefits" does not fall under the definition of equitable restitution described in Great-West, because plaintiff has not identified any specific property in defendant's possession that he is entitled to recover. Plaintiff has already recovered past unpaid benefits under Sunoco's LTD plan, and any award of damages from Sunoco for future LTD benefits would simply fall within the general category of monetary damages. As the Supreme Court has noted, claims for money damages are "[a]lmost invariably . . . suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." Great-West, 534 U.S. at 210.

Plaintiff offers two suggestions as to how the Court could craft an equitable remedy in this case, but neither of plaintiff's suggestions is supported by reference to current case law.[4] First, he suggests that the Court could rescind his retirement election that led to a reduction in his benefits. However, his complaint does not seek rescission as a remedy, nor is it available.[5] Second, plaintiff

---

[4] Plaintiff does not cite any cases interpreting the equitable remedies available under section 1132(a)(3) in light of the Supreme Court's decision in Great-West. For example, plaintiff argues that courts have ordered backpay as a remedy under section 1132(a)(3); however, the Tenth Circuit has held that, under Great-West, this remedy was not typically available from courts of equity and backpay can not be awarded under section 1132(a)(3). Millsap, 368 F.3d at 1252-53.

[5] Plaintiff seems to be inferring that the Court could rescind his election to receive retirement benefits in order to reinstate him as a participant in Sunoco's LTD plan. However, this remedy is not available. In addition to making a retirement election, plaintiff waived his right to reinstatement in the LTD plan as part of the settlement agreement in Click v. Sunoco, Inc., 05-CV-0369-CVE-PJC (N.D. Okla.). See Dkt. # 12, Ex. B, at 1 (releasing Sunoco Inc. Disability Income Plan for any future "claims for equitable relief," including reinstatement to the LTD plan).

10

argues that the Court could reinstate him to the long-term disability plan. As the Court has already noted, plaintiff waived his right to reinstatement in the LTD plan as part of the settlement agreement, and this remedy is not available. Although plaintiff has attempted to characterize his remedy as something other than monetary damages, the complaint clearly shows that plaintiff is seeking compensatory damages, not equitable relief. Therefore, he does not have a remedy under section 1132(a)(3), and the motion to dismiss should be granted.[6]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 12) is **granted**. This is a final order terminating this case.

**DATED** this 21st day of February, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] The Court will not address defendant's argument that plaintiff's claim is barred by the doctrine of res judicata. In light of the Court's finding that plaintiff lacks standing under ERISA, it is not necessary to reach this issue.

11